**AFFIRMED as MODIFIED and Opinion Filed September 22, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00133-CR**

**No. 05-22-00143-CR**

**LLOYD ERIC DEMUS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos F21-75986-R, F20-41501-R**

## MEMORANDUM OPINION

Before Justices Myers, Pedersen, III, and Garcia
Opinion by Justice Garcia

Appellant was convicted of repeated violation of a protective order and aggravated robbery. Punishment, enhanced, was assessed at fifteen years imprisonment for each offense.

In several issues, appellant argues that the judgments should be modified. In a cross-point, the State identifies an additional requested modification. We sustain appellant's and the State's issues, modify the judgments, and as modified, affirm.

**Cause Number 05-22-00133-CR (Trial court cause no. F21-75986-R)**

The conviction in this case is for repeated violation of a protective order. *See* TEX. PENAL CODE ANN. § 25.072. Appellant argues that the judgment be modified to: (i) reflect the correct statute for the offense, (ii) include Kinsey Stango, the other attorney for the State, and (iii) delete the assessment of court costs as duplicative. The State urges that the judgment also be modified to include appellant's plea of true and the court's finding on the enhancement paragraph to the indictment.

**Cause Number 05-22-00134-CR (Trial court cause no. F20-41501-R)**

The conviction in this case is for aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03. Appellant argues that the judgment and bill of costs should be modified to: (i) reflect that the trial court credited appellant's back time spent in custody toward court costs and the balance due is zero, and (ii) include Kinsey Stango, the other attorney for the State.

We are authorized to reform a judgment to make the record speak the truth when we have the necessary information to do so. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); TEX. R. APP. P. 43.2(b). We are also authorized to modify a bill of costs. *See Rodgers v. State*, No. 05-20-00211-CR, 2022 WL 1076067, at *5 (Tex. App.—Dallas Apr. 11, 2022, no pet.) (mem. op.). Here, the record supports appellant's and the State's requested modifications. We therefore sustain appellant's issues and the State's cross-point and modify the judgments accordingly.

As modified, the judgments are affirmed.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220133F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

LLOYD ERIC DEMUS, Appellant

No. 05-22-00133-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F21-75986-R. Opinion delivered by Justice Garcia. Justices Myers and Pedersen, III participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** to: (i) reflect that the correct statute for the offense is TEX. PENAL CODE ANN 25.072, (ii) include Kinsey Stango, the other attorney for the State, (iii) delete the assessment of court costs as duplicative, and (iv) include appellant's plea of true to the enhancement paragraph and the court's finding that the enhancement paragraph was true. The bill of costs is modified to delete the assessment of court costs.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered September 22, 2022

–4–



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

LLOYD ERIC DEMUS, Appellant

No. 05-22-00134-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F21-41501-R. Opinion delivered by Justice Garcia. Justices Myers and Pedersen, III participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** to: (i) reflect that the trial court credited appellant's back time spent in custody toward court costs and the balance due is zero, and (ii) include Kinsey Stango, the other attorney for the State. The bill of costs is modified to reflect that the balance due is zero.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered September 22, 2022